UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FARONE AND SON FUNERAL HOME, INC.,


                    Plaintiff,                  5:15-CV-0679
                                                        (GTS/DEP)
v.

DENISE DeLEE; and THE GUARDIAN
LIFE INSURANCE COMPANY OF AMERICA,

                    Defendants.
_____

APPEARANCES:                                OF COUNSEL:

WHITELAW & FANGIO                      KENNETH D. WHITELAW, ESQ.
  Counsel for Plaintiff                    MARY LANNON FANGIO, ESQ.
247 W. Fayette Street, 3rd Floor
Syracuse, New York 13202

DENISE DeLEE
  Defendant, *Pro Se*
220 Hazelwood Avenue
Syracuse, New York 13224

PHILLIPS LYTLE, LLP                    PAUL E. MORRISON-TAYLOR, ESQ.
  Counsel for Defendant Guardian        ANDREW P. DEVINE, ESQ.
  Life Insurance Co. of America
One Canalside
125 Main Street
Buffalo, New York 14203

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this action for the recovery of benefits under the Employee

Retirement Income Security Act ("ERISA") and for breach-of-contract filed by Farone and Son

Funeral Home, Inc. ("Plaintiff") against Denise DeLee ("Defendant DeLee") and the Guardian

Life Insurance Co. of America ("Defendant Guardian"), is Defendant Guardian's motion to dismiss Plaintiff's claims against it for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 6.)  For the reasons set forth below, Defendant Guardian's motion is granted.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

Generally, liberally construed, Plaintiff's Complaint alleges as follows.  On February 24, 2014, Defendant DeLee's husband, Gregory DeLee, passed away.  (Dkt. No. 2, ¶ 4 [Pl.'s Compl.].)  Gregory DeLee had been a participant in a group life insurance policy between Defendant Guardian and his employer, David Wallbridge, Inc.; and Gregory DeLee had made Defendant DeLee the beneficiary for this policy on September 10, 2013.  (*Id.*, ¶¶ 8-9.)  On February 26, 2014, Defendant DeLee filed a group life claim form with Defendant Guardian.  (*Id.*, ¶ 10.)  On February 28, 2014, Defendant DeLee contracted with Plaintiff to provide funeral services for her husband and agreed to pay Plaintiff the total sum of $7,617.  (*Id.*, ¶ 5.)  On March 18, 2014, Defendant DeLee assigned the life insurance claim to Plaintiff to pay for Plaintiff's services related to her husband's funeral.  (*Id.*, ¶ 11.)  This assignment was filed by Plaintiff with Defendant Guardian; however, Defendant Guardian has failed to pay Plaintiff.  (*Id.*, ¶ 13.)

### B. Procedural History

Plaintiff commenced this action by filing a Complaint in Syracuse City Court on April 22, 2015.  (Dkt. No. 2 [Pl.'s Compl.].)  After receiving the Complaint, Defendant Guardian timely removed this action to this Court on June 3, 2015, on the basis that Plaintiff seeks to

recover benefits under a life insurance policy that is governed by ERISA. (Dkt. No. 1, ¶ 3 [Notice of Removal].)

**C.    Guardian's Briefing on Its Motion to Dismiss**

Generally, in support of its motion to dismiss Plaintiff's sole claim against it (under ERISA), Defendant Guardian asserts two arguments. (Dkt. No. 6, Attach. 1, at 6-9 [Guardian's Mem. of Law].)

First, Defendant Guardian argues that, in response to Plaintiff's implicit allegation that Defendant Guardian's failure to pay Defendant DeLee's life insurance claim was wrongful, Defendant DeLee failed to exhaust her administrative remedies as required by Second Circuit precedent before a legal claim under ERISA could be pursued. (*Id.* at 6-7.) More specifically, Defendant Guardian argues that, under the policy's claim procedure, Defendant DeLee had 60 days after receipt of notification that her claim was denied to file an administrative appeal. (*Id.* at 7.) Furthermore, Defendant Guardian argues that the appeal notice sent to Defendant DeLee on April 30, 2014, advised her of these requirements and that the administrative appeal process had to be completed before any legal action could be commenced regarding her claim. (*Id.*) Despite these notifications, Defendant Guardian argues (and adduces evidence) that it never received from Defendant DeLee an appeal. (*Id.*)

Second, Defendant Guardian argues that its decision to deny Defendant DeLee's claim was neither arbitrary nor capricious because it was mandated by the policy's express language. (*Id.* at 7-9.) Specifically, Defendant Guardian argues that page 3 of the policy dictates that an employee's coverage ends on the date an employee's "active full-time service ends for any reason. Such reasons include disability, death, retirement, lay-off, leave of absence and the end

of employment." (*Id.* at 9.)  Defendant Guardian further argues that, because Defendant DeLee

acknowledges (on page 2 of the form) that Mr. DeLee was laid off from his employment on

November 15, 2013, his coverage was terminated before his death on February 24, 2014.  (*Id.* at

9.)  Accordingly, Defendant Guardian argues that the policy's language required it to deny

Defendant DeLee's claim and, therefore, its decision was not arbitrary and capricious.  (*Id.*)

Plaintiff has not filed an opposition to Defendant Guardian's motion.  Rather, in a Status

Report filed by Plaintiff's counsel on July 28, 2015, Plaintiff explained, in pertinent part, as

follows:

> While the plaintiff believes that there is a meritorious legal
> argument to be advanced to dispute the allegations contained in the
> motion to dismiss, the plaintiff Farone does not believe it has
> standing to pursue those arguments because it is not a party to
> these [life insurance] contracts.  Rather, Mrs. DeLee, who so far
> has been silent, or the decedent's employer who provided the
> insurance coverage would have standing to pursue those arguments
> against [Guardian].

(Dkt. No. 8, ¶ 5 [Pl.'s Status Report].)

## II.     RELEVANT LEGAL STANDARD

It has long been understood that a dismissal for failure to state a claim upon which relief

can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds:

(1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a

challenge to the legal cognizability of the claim.  *Jackson v. Onondaga Cty.*, 549 F. Supp. 2d

204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo*

review).

Because such dismissals are often based on the first ground, a few words regarding that

ground are appropriate.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a

pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini*, 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atl. Corp. v. Twombly*, the Supreme Court reversed an appellate

decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1.

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the

famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint

should not be dismissed for failure to state a claim unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim,

the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*.

at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in

detail the facts upon which [the claim is based]," it does mean that the pleading must contain at

least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must

be enough to raise a right to relief above the speculative level [to a plausible level]," assuming

(of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for

relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged–but it has not

show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks

and citations omitted]. However, while the plausibility standard "asks for more than a sheer

possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability

requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to

relief, "the tenet that a court must accept as true all of the allegations contained in the complaint

is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action,

supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement"

will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8

"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

(citations omitted).

Finally, a few words are appropriate regarding what documents are considered when a

dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal

pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the

four corners of the complaint may be considered without triggering the standard governing a

motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer,

(2) documents incorporated by reference in the complaint (and provided by the parties), (3)

documents that, although not incorporated by reference, are "integral" to the complaint, or (4)

any matter of which the court can take judicial notice for the factual background of the case.[1]

---

[1]    *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a
pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL
2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to
state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the
"matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2]
documents incorporated by reference in the complaint (and provided by the parties), [3] documents that,
although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the
court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*,

## III. ANALYSIS

After carefully considering the matter, the Court grants Defendant Guardian's motion for

the second reason stated in its memorandum of law.  (Dkt. No. 6, Attach. 1, at 6-9 [Guardian's

Mem. of Law].)  To those reasons, the Court adds the following three points.

First, in support of its argument that Defendant DeLee failed to exhaust her

administrative remedies, Defendant Guardian submitted the declaration of Christopher Eddy, a

Team Leader in Guardian's Group Life Claims Department, to establish that Defendant DeLee

never appealed the denial of her claim.  (Dkt. No. 6, Attach. 5, ¶ 5 [Eddy Decl.].)  However, the

Court may not consider this declaration because it is a document outside of the pleadings that is

neither incorporated by reference nor integral to the Complaint.  Moreover, the Second Circuit,

in *Paese v. Hartford Life & Acc. Ins. Co.*, 449 F.3d 435, 439 (2d Cir. 2006), announced that

failure to exhaust administrative remedies is an affirmative defense in an ERISA action, rather

than a bar to federal jurisdiction.  As a result, a district court in the Second Circuit may not grant

a motion to dismiss an ERISA claim for failure to exhaust administrative remedies under Fed. R.

---

622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . .  Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . .  However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

Civ. P. 12(b)(6) unless the failure appears on the face of the complaint, which it does not in this

action. *Kinsey v. Charitable Leadership Found.*, 11-CV-0602, 2012 WL 1014808, at *2

(N.D.N.Y. Mar. 23, 2012) (Suddaby, J.).

Second, as stated above in Point I.C. of this Decision and Order, Plaintiff has not filed an

opposition to Defendant Guardian's motion because Plaintiff does not believe it has standing to

do so. However, it is well established that "assignees of beneficiaries to ERISA-governed plans

have standing to sue under ERISA." *Biomed Pharm., Inc. v. Oxford Health Plans (NY), Inc.*, 10-

CV-7427, 2011 WL 803097, at *3 (S.D.N.Y. Feb. 18, 2011) (citing cases). The Court finds that,

because Plaintiff has standing to sue Defendant Guardian, it had standing to file an opposition to

Defendant Guardian's motion to dismiss Plaintiff's claim. Accordingly, the Court will treat

Defendant Guardian's motion as unopposed.

In this District, when a non-movant willfully fails to oppose a legal argument asserted by

a movant, the movant's burden with regard to that argument is lightened, such that, in order to

succeed on that argument, the movant need only show that the argument possesses facial merit,

which has appropriately been characterized as a "modest" burden.[2] The Court finds Plaintiff's

failure to be willful under Fed. R. Civ. P. 83(a)(2).[3] In addition, the Court finds that, at the very

---

[2]      *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

[3]      Plaintiff chose the perilous path of not asserting an opposition in the alternative. *Cf. Alex v. Gen. Elec. Co.*, 12-CV-1021, 2016 WL 1057042, at *14 (N.D.N.Y. Mar. 14, 2016) (Suddaby, C.J.) (finding that court had previously characterized decision by plaintiff's counsel to not adequately respond to motion for summary judgment as "strategic and perilous"); *Cruz v. Lashaway*, 06-CV-0867, 2009 WL 1734549, at *4 (N.D.N.Y. June 18, 2009) (Suddaby, J.)

least, Defendant Guardian has met its modest threshold burden with respect to the second

argument advanced in support of its requested relief.  In any event, the Court would accept that

second argument even if it were to subject it to the more rigorous scrutiny appropriate for a

contested motion.

Third, and finally, the Court notes that, in finding merit in Defendant Guardian's second

reason for dismissal (i.e., that its denial was not arbitrary or capricious because it was mandated

by the policy's express language), the Court has considered the following two documents that

were incorporated by reference in and/or integral to the Complaint: (a) the life insurance policy

(Dkt. No. 6, Attach. 6), and (b) the claim denial letter sent to Defendant DeLee (Dkt. No. 6,

Attach. 7).  (Dkt. No. 2, ¶¶ 8-10, 12 [Pl.'s Compl., referencing policy and both heavily relying on

and indicating actual notice of claim denial].)  *See also Strom v. Goldman, Sachs & Co.*, 202

F.3d 138, 140 n.1 (2d Cir. 1999) (noting that the district court correctly considered a life

insurance policy in resolving a Rule 12[b][6] motion to dismiss), *abrogated on other grounds by*

*Coan v. Kaufman*, 457 F.3d 250 (2d Cir. 2006); *Amaker v. Weiner*, 179 F.3d 48, 50 (2d Cir.

1999) (stating that, "[a]ttachment of an affidavit or exhibit to a Rule 12[b][6] motion, however,

does not without more establish that conversion [to a motion for summary judgment] is

required"); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991) (holding

that in deciding a Rule 12[b][6] motion to dismiss, district court can consider documents

incorporated by reference into the complaint, particularly where the plaintiff is on notice of the

specific documents).

---

("Plaintiff chose the perilous path of focusing on Defendant's (assertedly) deficient discovery
responses, rather than responding to Defendant's statements of material fact and adducing
admissible record evidence to create a genuine issue of material fact.").  Paragraph 3 of
Plaintiff's Status Report hardly constitutes such an opposition.

**ACCORDINGLY**, it is

**ORDERED** that Defendant Guardian's motion to dismiss (Dkt. No. 6) is **GRANTED**;

and it is further

**ORDERED** that Plaintiff's ERISA claim against Defendant Guardian (Dkt. No. 1) is

**DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** Defendant Guardian as a

Defendant in this action; and it is further

**ORDERED** that, within **FOURTEEN (14) DAYS** of this Decision and Order, Plaintiff

shall file a Status Report advising the Court how it prefers to proceed with regard to its breach-

of-contract claim against Defendant DeLee (e.g., voluntary dismissal due to the award of

judgment in Syracuse City Court, remand to Syracuse City Court, etc.).

Dated: May 4, 2016
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge